## IN THE COURT OF COMMON PLEAS DELAWARE COUNTY, OHIO

# SUMMONS

Case Number: **22 CV C 08 0419**

**Plaintiff(s):**                                    **Defendant(s):**
ERIC WILLIAMS                        VS        ENS 2 TRANS INC
10556 CHESTERFIELD ST                          43 CUMMINGS DR
ADELANTO, CA 92301                             WALTON, KY  41094

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she/they have/has no attorney of record, a copy of your answer to the complaint within twenty-eight (28) days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this court within three (3) days after service on plaintiff(s) attorney.

The name and address of the plaintiff(s) attorney is as follows:

ANDREW SCHABO
SMITH SCHABO LAW
32 W HOSTER ST STE 200
COLUMBUS, OH 43215

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Date:  August 11, 2022

Natalie Fravel
Delaware County Clerk of Courts
117 North Union Street
Delaware, OH 43015

By Deputy Clerk:

EXHIBIT A

IN THE DELAWARE COUNTY COURT OF COMMON PLEAS
CIVIL DIVISION

ERIC WILLIAMS
10556 CHESTERFIELD STREET
ADELANTO, CA 92301

      Plaintiff,

vs.

ENS 2 TRANS INC.
43 CUMMINGS DRIVE
WALTON, KY 41094

and

FARON-EDWARD LUND
570 NORTHWEST COUNTY RD 1013
MOUNT VERNON, TX 75457

and

ARMIN HUSAKOVIC
3809 MOSSWOOD DRIVE
GARLAND, TX 75042

and

JOHN DOE #1-4
ADDRESS UNKNOWN

and

JOHN DOE CORPORATION
#1-4
ADDRESS UNKNOWN

      Defendants.

22-CVC-080419

Case No.

Judge  **JAMES P. SCHUCK**

COMPLAINT WITH JURY
DEMAND ENDORSED HEREON

Common Pleas Court
Delaware, Co., Ohio
I hereby certify the within be a true
copy of the original on file in this office
Natalie Fravel, Clerk of Courts
By _____ Deputy

COMPLAINT WITH JURY DEMAND

FIRST CLAIM

EXHIBIT A

1.      Plaintiff Eric Williams states that on or about August 14, 2020, he was occupying a motor vehicle legally parked on the side of IR-71 in Delaware County, Ohio.

2.      At said time and place, Defendant Faron-Edward Lund was operating a 2007 Volvo Truck VNL (also referred to as "the Truck") on IR-71 in Delaware County, Ohio, owned by Defendant ENS 2 Trans Inc and/or Defendant Armin Husakovic.

3.      Defendant ENS 2 Trans Inc. is a corporation licensed to do business in the State of Ohio.

4.       Defendant Armin Husakovic held a managerial position with Defendant ENS 2 Trans Inc and/or had dominion and control over Defendant Faron-Edward Lund while operating the Truck.

5.      Defendants John Doe #1-4, are individuals residing in the State of Ohio and/or another state within the United States of America.

6.      The true names and capacities of Defendants John Doe #1-4 are unknown to Plaintiff at this time and Plaintiff has therefore sued these unknown Defendants under said fictitious names.  When the true names of said John Doe Defendants have been ascertained, Plaintiff will seek leave to amend this Complaint accordingly.

7.      Plaintiff is informed and believe that the John Doe Defendants are legally responsible, negligent, or in some other actionable manner, liable for the events and occurrences hereinafter described, that said Defendants John Doe #1-4 proximately caused injuries and damages to Plaintiff as set forth herein.

8.      Plaintiff states that Defendants John Doe Corporation #1-4, are individuals, partnerships or corporations organized and existing under the laws of the State of Ohio, or

EXHIBIT A

some other jurisdiction, and that said Defendants are conducting or have regularly conducted business in the State of Ohio.

9.     The true names and capacities of Defendants John Doe Corporation #1-4 are unknown to Plaintiff at this time and Plaintiff has therefore sued these unknown Defendants under said fictitious names.  When the true names of said Defendants John Doe Corporation #1-4 have been ascertained, Plaintiff will seek leave to amend this Complaint accordingly.

10.     Plaintiff is informed and believes that the Defendants John Doe Corporation #1-4 are contractually responsible through a policy of insurance, legally responsible, negligent, or in some other actionable manner, liable for the events and occurrences hereinafter described, that said Defendants proximately caused injuries and/or are responsible for damages suffered by Plaintiff as set forth herein.

11.     Defendant ENS 2 Trans Inc and/or Defendant Armin Husakovic owned a 2007 Volvo Truck VNL (hereinafter referred to as "the Truck" or "Truck") that was in poor condition and had its employee, Defendant Faron-Edward Lund, drive the Truck.

12.     At said time and place, Defendant Faron-Edward Lund negligently operated Defendant ENS 2 Trans Inc and/or Defendant Armin Husakovic's Truck by failing to properly inspect the Truck before operation and/or failing to provide maintenance on the Truck in a workman-like manner before operation and/or failing to maintain control of the Truck during operation, among other acts of negligence, which caused a collision between his Truck and the vehicle occupied by Plaintiff.

EXHIBIT A

13.    As a direct and proximate result of Defendant Faron-Edward Lund's negligence, Plaintiff has suffered injuries to his body, any or all of which are permanent in nature.

14.    As a further direct and proximate result of Defendant Faron-Edward Lund's negligence, Plaintiff has incurred combined medical expenses in excess of Two Hundred Six Thousand Dollars ($206,000.00) and expects to incur further reasonable and necessary medical expenses proximately caused by the negligence of Defendant Faron-Edward Lund in the future.

15.    As a further direct and proximate result of Defendant Faron-Edward Lund's negligence, Plaintiff has suffered intense pain and suffering, an impairment of his ability to enjoy life, an impairment of his ability to engage in daily activities, an impairment of his earning capacity, lost wages, property damage, and other like general damages any or all of which may be permanent in nature.

SECOND CLAIM

16.    For the Second Claim, Plaintiff incorporates paragraphs one (1) through fifteen (15) as if fully rewritten herein.

17.    At all times relevant herein, Defendant Faron-Edward Lund was duly employed by and/or acting on behalf of his employer(s), Defendant ENS 2 Trans Inc and/or Defendant Armin Husakovic and/or Defendant John Doe #1-4 and/or Defendants John Doe Corporations #1-4.

18.    The negligent acts of Defendant Faron-Edward Lund occurred within the scope and course of his employment and/or agency with Defendant ENS 2 Trans Inc and/or Defendant Armin Husakovic and/or Defendant John Doe #1-4 and/or Defendants John Doe

EXHIBIT A

Corporations #1-4 which are and remain liable for all damages resulting from the negligent conduct of its employee, Defendant Faron-Edward Lund.

19.     As a direct and proximate result of Defendant ENS 2 Trans Inc., Defendant Armin Husakovic, and/or Defendant John Doe #1-4's vicariously liability, Plaintiff has suffered injuries and damages as previously stated in Paragraphs 13, 14, and 15 of this complaint.

THIRD CLAIM

20.     For the Second Claim, Plaintiff incorporates paragraphs one (1) through nineteen (19) as if fully rewritten herein.

21.     At all relevant times herein, Defendant Faron-Edward Lund and/or Defendant John Doe #1-4 were acting within the course and scope of work for Defendant ENS 2 Trans Inc. when the August 14, 2020, truck collision occurred.

22.     At all relevant times herein, Defendant Armin Husakovic, and Defendant John Doe #1-4 were acting within the course and scope of their work for ENS 2 Trans Inc.

23.     Defendant ENS 2 Trans Inc. and/or Defendant Armin Husakovic and/or Defendant John Doe #1-4 failed to use reasonable care in the selection and hiring of companies and/or individuals to transport on or about August 14, 2020.

24.     Defendant Faron-Edward Lund, Defendant ENS 2 Trans Inc. and/or Defendant Armin Husakovic, and/or Defendant John Doe #1-4 failed to use reasonable care in the inspection and maintenance of the Truck involved in the collision that occurred on or about August 14, 2020.

25.     As a direct and proximate result of Defendant ENS 2 Trans Inc. and/or Defendant Armin Husakovic, and/or Defendant John Doe #1-4's negligence, Plaintiff has

suffered injuries and damages as previously stated in Paragraphs 13, 14, and 15 of this complaint.

WHEREFORE, Plaintiff Eric Williams demands judgment against Defendant ENS 2 Trans Inc., Defendant Faron-Edward Lund, Defendant Armin Husakovic, Defendants John Doe #1-4, and Defendants John Doe Corporations #1-4, jointly and severally, as follows:

a. compensatory damages for Plaintiff in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), but currently unspecified pursuant to Civil Rules 8(A) and 54(C), plus costs incurred in this action plus interest and attorney's fees;

b. a declaration that Defendant ENS 2 Trans Inc. and/or Defendant Armin Husakovic and/or Defendant Corporations #1-4 are all vicariously liable to Plaintiff for the collision that occurred on or about August 14, 2020; and,

c. Any such other relief to which Plaintiff may show himself entitled.

Respectfully submitted,

**SMITH SCHABO LAW**

*/s/ Andrew P. Schabo*

Andrew P. Schabo, Esq. #0082988
R. Gregory Smith, Esq. #0071493
32 W. Hoster Street, Suite 200
Columbus, Ohio 43215
PHONE:      (614) 300-5001
FAX:          (614) 223-2103
EMAIL:      andy@smithschabolaw.com
*Attorneys for Plaintiff Eric Williams*

EXHIBIT A

## JURY DEMAND

Now comes Plaintiff, by and through his attorney, and demands a jury of eight (8) to

hear the within cause.

**SMITH SCHABO LAW**

*/s/ Andrew P. Schabo*

Andrew P. Schabo, Esq. #0082988
R. Gregory Smith, Esq. #0071493
32 W. Hoster Street, Suite 200
Columbus, Ohio 43215
PHONE:        (614) 300-5001
FAX:          (614) 223-2103
EMAIL:        andy@smithschabolaw.com
*Attorneys for Plaintiff Eric Williams*

EXHIBIT A